# Abraham Schwartz, Trading As Charlotte Garment Co. v. Perlstein & Company, Inc., Appellant.

*Evidence—Contracts — Goods sold and delivered — Express receipts—Admissibility.*

In an action of assumpsit to recover for goods sold and delivered, it is proper to admit in evidence the receipt given by the express company to the plaintiff, upon the delivery of the goods for transportation, and the receipt executed by the defendant to the express company for the same shipment, for the purpose of showing delivery.

In such case, where the plaintiff subsequently proves that the boxes, of which the shipment consisted, contained the goods for which he sought to recover, a verdict in his favor will be sustained.

Argued October 17, 1923. Appeal, No. 277, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1922, No. 709, in favor of plaintiff, in case tried by the court without a jury, in suit of Abraham Schwartz, trading as Charlotte Garment Company, v. Perlstein & Company, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $155.27. Defendant appealed.

*Error assigned* was, among others, the judgment of the court.

*Bertram K. Wolfe,* and with him *Aarons, Weinstein & Goldman,* for appellant.—The court erred in admitting in evidence the receipt of the express company: Glaser

v. Reno, 6 S. & R. 206; Mackinley v. McGregor, 3 Whart. 368; Smalley v. Morris, 157 Pa. 349; English v. Hannah, 4 Watts 424; Gilmore v. Wilson, 53 Pa. 194; Sweeney v. Oil & Gas Company, 130 Pa. 193; Harkness v. Swissvale Borough, 238 Pa. 544.

*Clarence E. Blackburn,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

This is an action to recover for goods sold and delivered. The case was tried in the court below by a judge, sitting without a jury. The only question in dispute in the case was whether the goods had been received by the defendant. The plaintiff testified to the correctness of the book entries and to the delivery of the goods to the American Railway Express Co. in New York City, consigned to the defendant at Philadelphia. He testified that upon the delivery of the goods to the express company he received a bill of lading or "Uniform Express Receipt," which identified the shipment as "B-590185," and described the goods as 2 Box Weight 30 consigned to Perlstein & Co. at 1024 Filbert St., Philadelphia. The bill of lading or "Uniform Express Receipt" was offered and received in evidence, to which defendant took an exception. The plaintiff then called a witness from the office of the American Railway Express Co. in Philadelphia, who produced two tickets showing the receipt by the defendant of the shipment "B-590185." These receipts given for the two boxes to the express company were identified and admitted to be genuine by the representatives of the defendant. The judge found in favor of the plaintiff, upon which finding judgment was entered, and this appeal is by the defendant.

The appellant contends that it was error to receive in evidence the bill of lading or "Uniform Express Receipt." The contention is not well founded. The receipt was produced by the witness who was present at its exe-

cution and had received it from the carrier. It did not attempt to state the contents of the boxes which constituted the shipment. It was offered for the purpose of showing that the carrier had, upon the delivery of the boxes designated the shipment as "B-590185," and for the shipment, so designated by the carrier, the defendant subsequently receipted at Philadelphia. The shipment was one involving interstate commerce and the bill of lading was issued by the carrier and received by the shipper in accordance with law. It was competent evidence that the plaintiff had made the shipment "B-590185," for which the defendant subsequently receipted at Philadelphia. The burden remained on the plaintiff to show that the boxes, of which the shipment consisted, contained the goods for which he seeks to recover in this action, and this burden he discharged by the testimony of witnesses who had placed the goods in the boxes. Upon this latter branch of the case the bill of lading furnished him no assistance whatever. The assignment of error is dismissed.

The judgment is affirmed.